IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

DEBRA A. HILL                                                    PLAINTIFF

V.                              NO. 11-3039

MICHAEL J. ASTRUE,
Commissioner of the Social Security Administration              DEFENDANT

## MEMORANDUM OPINION

     Plaintiff, Debra A. Hill, brings this action pursuant to 42 U.S.C. §405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying her claim for a period of disability and disability insurance benefits (DIB) and supplemental security income (SSI) under the provisions of Titles II and XVI of the Social Security Act (Act). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. See 42 U.S.C. §405(g).

## I.     Procedural Background:

     Plaintiff filed her current applications for DIB and SSI on April 28, 2008, alleging an inability to work since April 1, 2007, due to pancreatitis. (Tr. 109, 114, 140). An administrative hearing was held on November 3, 2009, at which Plaintiff appeared with counsel, and she and her friend testified. (Tr. 25-51).

     By written decision dated April 22, 2010, the ALJ found that during the relevant time period, Plaintiff had an impairment or combination of impairments that were severe - pancreatitis and mood disorder. (Tr. 13). However, after reviewing all of the evidence presented, the ALJ

determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 13). The ALJ found Plaintiff retained the residual functional capacity (RFC) to:

> perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except that she can only occasionally climb, balance, crouch, stoop, kneel, and crawl. The claimant can do work in which interpersonal contact is incidental to the work performed, and the complexity of tasks is learned and performed by rote with few variables and little judgment required. The claimant must have simple, direct, and concrete supervision.

(Tr. 15). With the help of the vocational expert (VE), the ALJ determined that during the relevant time period, Plaintiff could perform such jobs as housekeeping/maid; assembler; and hand packager. (Tr. 19).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which denied that request on April 12, 2011. (Tr. 1-4). Subsequently, Plaintiff filed this action. (Doc. 1). This case is before the undersigned pursuant to the consent of the parties. (Doc. 5). Both parties have filed appeal briefs, and the case is now ready for decision. (Docs. 8, 9).

The Court has reviewed the entire transcript. The complete set of facts and arguments are presented in the parties' briefs, and are repeated here only to the extent necessary.

## II.   Applicable Law:

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Ramirez v. Barnhart, 292 F. 3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. Edwards v. Barnhart, 314 F.

-2-

3d 964, 966 (8th Cir. 2003).  As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently.  Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001).  In other words, if after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed.  Young v. Apfel, 221 F. 3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity.  Pearsall v. Massanari, 274 F. 3d 1211, 1217 (8th Cir. 2001); see also 42 U.S.C. §§423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."  42 U.S.C. §§423(d)(3), 1382(3)(D).  A Plaintiff must show that her disability, not simply her impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant had engaged in substantial gainful activity since filing her claim; (2) whether the claimant had a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) met or equaled an impairment in the listings; (4) whether the impairment(s) prevented the claimant from doing past relevant work; and (5) whether the claimant was able to perform other work in the national

-3-

economy given her age, education, and experience.  See 20 C.F.R. §416.920.  Only if the final

stage is reached does the fact finder consider the Plaintiff's age, education, and work experience

in light of her residual functional capacity (RFC).  See McCoy v. Schneider, 683 F.2d 1138,

1141-42 (8th Cir. 1982);  20 C.F.R. §416.920.

## III.   Discussion:

Plaintiff contends that the ALJ erred in concluding that Plaintiff was not disabled

because: 1) the determination that Plaintiff was capable of light work was inconsistent with the

limitations given by Dr. Shannon H. Brownfield; 2) the ALJ's hypothetical question to the VE

did not reflect all of Plaintiff's limitations; and 3) the ALJ's decision was not supported by

substantial evidence.  (Doc. 8).

The Court first addresses Defendant's objection to the Court considering extraneous

material Plaintiff attached as exhibits to her brief, and Plaintiff's attorney's opinion as to the

articles, contending that they are not relevant as they have not been shown by a medical expert

to have direct relevance and bearing on this particular Plaintiff's medical condition.  The Court

agrees with Defendant that the issue before the undersigned is whether there is substantial

evidence in the administrative record to support the ALJ's decision, and will not consider the

articles submitted by Plaintiff's counsel.

### A.   RFC Assessment:

RFC is the most a person can do despite that person's limitations. 20 C.F.R. §

404.1545(a)(1).  It is assessed using all relevant evidence in the record. Id.  This includes medical

records, observations of treating physicians and others, and the claimant's own descriptions of

his limitations.  Guilliams v. Barnhart, 393 F.3d 798, 801 (8th Cir. 2005); Eichelberger v.

-4-

Barnhart, 390 F.3d 584, 591 (8th Cir. 2004).  Limitations resulting from symptoms such as pain are also factored into the assessment.  20 C.F.R. § 404.1545(a)(3).  The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question."  Lauer v. Apfel, 245 F.3d 700, 704 (8th Cir. 2001).  Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace.  Lewis v. Barnhart, 353 F.3d 642, 646 (8th Cir. 2003).  "[T]he ALJ is [also] required to set forth specifically a claimant's limitations and to determine how those limitations affect his RFC."  Id.

In the present case, the ALJ considered all of the evidence in the record, medical and non-medical, including Plaintiff's hospitalizations in 2006, 2007, and 2008; Plaintiff's testimony regarding her limitations; Dr. William G. Hawkins assessment after Plaintiff's April 2008 hospitalization; Dr. Shannon H. Brownfield's assessment that Plaintiff had "globally moderate limitations;" the testimony of Plaintiff's friend and letter from Plaintiff's daughter; and the evaluations of Dr. Vann Smith, Ph.D., and Dr. Robert L. Hudson, Ph.D. (Tr. 15-18).  The ALJ found it significant that none of Plaintiff's treating physicians provided any specific limitations on her abilities to perform basic work activities due to her pancreatitis.   Plaintiff had a history of alcohol and nicotine abuse.  (Tr. 256, 291-294) .  In fact, she quit her last job in April of 2007 as a waitress because of her drinking (Tr. 44-45).  Upon discharge from her last hospitalization in March of 2008, it was noted that Plaintiff's pain was well-controlled with medication, she was able to ambulate, she tolerated her diet well, and was in stable condition .  (Tr. 362).

In a subsequent visit to Dr. Williams Hawkins on April 4, 2008, he noted that she had slowly improved, had refrained from alcohol since her discharge, and that her symptoms were

-5-

almost "completely abated." (Tr. 298). He also noted that she "has resumed most normal activities of life" with some tenderness to palpation that was better every day, and he found her to be clinically much better. (Tr. 298). It is noteworthy that Plaintiff did not seek further treatment after April 2008 for problems concerning pancreatitis or for other problems prior to the ALJ's decision in April 2010.

The Court finds that the ALJ gave the appropriate weight to each of the medical experts who evaluated Plaintiff's condition, both physically and mentally. The ALJ also considered Plaintiff's daily activities, her testimony and the testimony of her friend, and the Court finds that there was substantial evidence to support the ALJ's RFC assessment.

In addition, Plaintiff testified at the hearing that she had not been to a doctor in over a year because she could not afford it. (Tr. 36). Plaintiff also testified that she was only taking over-the-counter medications for her pain. (Tr. 36). However, there is no indication that Plaintiff attempted to receive treatment at a reduced rate or free of charge, and Plaintiff was somehow able to continue to afford smoking 1-1 ½ packs of cigarettes per day. See Osborne v. Barnhart, 316 F.3d 809, 812 (8th Cir. 2003)(there was no evidence that plaintiff or her mother attempted to obtain treatment and were denied such treatment because of insufficient funds or insurance). In addition, Plaintiff has had no mental health treatment.

The Court finds that the ALJ's RFC took into consideration all of the limitations which were supported by the record, and gave appropriate weight to the various health care providers. Therefore, the Court finds there is sufficient evidence to support the ALJ's RFC findings.

**B. Hypothetical Question to the VE:**

In his hypothetical question to the VE, the ALJ asked the following:

AO72A
(Rev. 8/82)

> Please assume a hypothetical person <u>younger individual</u> years old, with <u>high school</u> education and the same work history as the claimant. This person can occasionally lift/carry 20 pounds and frequently less. She can sit for 6 hours and stand/walk for 6 hours. She can occasionally climb, balance, crouch, stoop, kneel, and crawl. She can do work in which interpersonal contact is incidental to the work performed, complexity of tasks is learned and performed by rote, with few variables and little judgment required. Supervision required is simple, direct, and concrete. Assume there is no past relevant work to which the person can return and that transferable skills are not an issue. Are there jobs in the national and regional economy this person can do? If so, please list examples, three if possible, along with DOT identification, and relevant numbers in the state and national economies.

(Tr. 234-235). In response to the hypothetical, the VE listed three jobs Plaintiff would be able to perform: housekeeping/maid; assembler production; and hand packager. (Tr. 235). After thoroughly reviewing the hearing transcript along with the entire evidence of record, and based upon the fact that the Court has found that there is substantial evidence to support the ALJ's RFC findings, the Court finds that the hypothetical the ALJ posed to the VE fully set forth the impairments which the ALJ accepted as true and which were supported by the record as a whole. <u>Goff v. Barnhart</u>, 421 F.3d 785, 794 (8th Cir. 2005). Accordingly, the Court finds that the VE's responses to the hypothetical questions posed by the ALJ constitute substantial evidence supporting the ALJ's conclusion that Plaintiff's impairments did not preclude her from performing work in housekeeping/maid, assembler production, and hand packaging.. <u>Pickney v. Chater</u>, 96 F.3d 294, 296 (8th Cir. 1996)(testimony from vocational expert based on properly phrased hypothetical question constitutes substantial evidence).

### C. Whether Substantial Evidence Supports the ALJ's Findings:

Plaintiff's argument on this issue is vague and lacks specificity. Plaintiff merely gives broad general legal principles relating to the fact that substantial evidence must support the

AO72A
(Rev. 8/82)

ALJ's findings.  The Court, after reviewing the administrative record, and considering the Defendant's well-stated reasons set forth in his brief, finds that there is substantial evidence to support the ALJ's findings in this matter.

**IV.    Conclusion:**

Accordingly, having carefully reviewed the record, the undersigned finds substantial evidence supporting the ALJ's decision denying the Plaintiff benefits, and thus the decision should be affirmed.  The undersigned further finds that the Plaintiff's Complaint should be dismissed with prejudice.

DATED this 2nd  day of August, 2012.

/s/ *Erin L. Setser*
HON. ERIN L. SETSER
 UNITED STATES MAGISTRATE JUDGE

-8-